NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD LEE JONES Sr., <br><br>     Plaintiff - Appellant, <br><br>   v. <br><br> DAVID SHINN, Director, Arizona Department of Corrections, Rehabilitation, and Reentry, Director at ADOCRR, Central Office; LORI STICKLEY, Deputy Warden at ASPC-Eyman; RONALD N EVANS; Unknown ASHLIN, Sgt at ASPC-Eyman, SMU 1; EDWARD W. APLAS; ULISES A. KISS, <br><br>     Defendants - Appellees. | No. 24-243 <br><br> D.C. No. 2:22-cv-00277-MTL-JZB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted September 17, 2025[**]

Before:     SILVERMAN, OWENS, and BRESS, Circuit Judges.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arizona state prisoner Edward Lee Jones, Sr. appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth Amendment violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Jones's claims relating to black mold, rodents, and other pests because Jones failed to exhaust his administrative remedies or raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Ross v. Blake*, 578 U.S. 632, 638, 643-44 (2016) (explaining that an inmate must exhaust "such administrative remedies as are available" before bringing suit and describing limited circumstances under which administrative remedies are effectively unavailable).

The district court properly granted summary judgment on Jones's remaining Eighth Amendment claims because Jones failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference to an excessive risk of harm to Jones. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that a prison official violates the Eighth Amendment if the official was deliberately indifferent, that is, knew of and disregarded an excessive risk to an inmate's health and safety).

The district court did not abuse its discretion in denying Jones's motion for

appointment of counsel because Jones failed to demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

The district court did not abuse its discretion in denying Jones's motions to reopen discovery and extend discovery deadlines. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (setting forth standard of review and requirements to modify a pretrial scheduling order); *see also Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 612, 619-20 (9th Cir. 2017) (setting forth standard of review and requirements to request additional discovery under Federal Rule of Civil Procedure 56(d)).

The motion (Docket Entry No. 20) to have the appeal heard on the full record is denied as unnecessary.

**AFFIRMED.**